INTERNATIONAL UNION, UNITED AUTOMOBILE AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, UAW and Local Union 848

v.

E–SYSTEMS, INC.

No. CA 3–79–0255–C.

United States District Court,
N. D. Texas,
Dallas Division.

March 6, 1980.

---

Lynn-Marie Crider and James E. Youngdahl, Youngdahl, Larrison & Agee, Little Rock, Ark., David R. Richards, Clinton & Richards, Austin, Tex., for plaintiffs.

Bowen L. Florsheim, Smith, Smith, Dunlap & Canterbury, Dallas, Tex., for defendant.

## MEMORANDUM OPINION

WILLIAM M. TAYLOR, Jr., District Judge.

This is an action seeking to remedy a violation of a contract between an employer and a labor organization representing employees in an industry affecting commerce. Jurisdiction is conferred by 29 U.S.C. § 185(a).

Defendant E-Systems is a corporation which includes unincorporated divisions known as the Garland Division and the Commercial Division. At various times ma-terial to this case, defendant has operated facilities in Garland and Arlington, Texas.

On July 19, 1978, plaintiffs, International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW, and its Local Union 848 and the "Garland Division of E-Systems, Inc.," entered a three-year collective bargaining agreement. It states that the union is recognized as the exclusive collective bargaining representative of all employees designated in a National Labor Relations Board certification dated January 25, 1951, and a Memorandum of Understanding dated March 21, 1961. It further states that it covers employees holding particular job classifications. The 1961 Memorandum of Understanding extends recognition of the UAW expressly to include employees at the Arlington facility. The collective bargaining agreement also provides for grievance arbitration of all disputes requiring "interpretation or application of [its] terms."

After not using the Arlington site as a production facility for about six years, the defendant reopened it in 1978, under the aegis of a newly-created Commercial Division.

Grievances were filed by the plaintiffs alleging contract violations in the refusal of the defendant to recognize and bargain or apply the terms of the collective bargaining agreement to the employees at the reopened Arlington facility and its layoff of certain employees at the Garland facility while new employees were being hired into the same classifications at Arlington. The defendant refused to arbitrate such grievances, and this action to compel arbitration followed.

The defendant moved to dismiss contending *inter alia* that the grievances sought to be arbitrated raised issues within the exclusive jurisdiction of the NLRB, and that the defendant is not bound to arbitrate under the agreement signed by its Garland Division. The plaintiffs moved for summary judgment.

The subject matter of the grievances is not within the exclusive jurisdiction of the

NLRB. *Carey v. Westinghouse*, 375 U.S. 261, 84 S.Ct. 401, 11 L.Ed.2d 320 (1964).

The subject matter of the grievances sought to be arbitrated is within the scope of the agreement: the recognition clause provides that the UAW is exclusive bargaining representative of all covered employees, the employees covered by the agreement include employees at the Arlington facility, and the agreement establishes rules governing the order of layoff and other terms and conditions of employment.

Defendant E-Systems is bound by the collective bargaining agreement entered into by its Garland Division and therefore must arbitrate under it.

For the above reasons the Court is of the opinion that defendant's motion to dismiss should be denied, and plaintiffs' motion for summary judgment should be granted and defendant ordered to arbitrate the grievances at issue in this case in accordance with the collective bargaining agreement.

Court costs are taxed against the defendant.